James J. Long
ATTORNEY AT LAW
P. O. Box 47720
Wichita, Kansas 67202
Tel. (316) 265-2689
jjlong13728@aol.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CALEB J. PENCE and CANDRA K. PENCE | ) | |
| | ) | Case No. 25-20302 |
| Debtors, | ) | Chapter 13 |
| | ) | |
| BANK OF COMMERCE & TRUST CO., | ) | |
| a Kansas Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. |
| | ) | |
| CALEB J. PENCE, CANDRA K. PENCE, and | ) | |
| jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**AND REQUEST TO DETERMINE AMOUNT OF DEBT**

Plaintiff, Bank of Commerce & Trust Company, Wellington, Kansas, pursuant to Title 11,

Sections 523 and 1328 of the Bankruptcy Code (11 U.S.C.) and Rules 4004 and 7001 of the

Bankruptcy Rules, for its causes of action against Defendants, alleges as follows:

1. On March 17, 2025, the Debtors/Defendants filed a Voluntary Petition in Bankruptcy

Court under Chapter 13 of the United States Bankruptcy Code.

2. This proceeding is brought pursuant to Rule 7001(6) of the Bankruptcy Rules.

3. This is a core proceeding instituted by Plaintiff, the Bank of Commerce & Trust Company, Wellington, Kansas ("Bank of Commerce"), objecting to the discharge of the debtors on certain obligations owed to the Bank of Commerce and is governed by Sections 523 and 1328 of Title 11, (11 U.S.C.) and Sections 157(b)(I) and (J) of Title 28 (28 U.S.C.).

4. The Court has jurisdiction over the subject matter of this action pursuant to Section 157 of Title 28 (28 U.S.C.).

Factual Statement

5. Plaintiff, Bank of Commerce, is a federally insured depository institution organized and doing business within the State of Kansas, with its principal place of business at 201 West Harvey, Wellington, Kansas.

6. The 1776 Transportation, LLC [hereinafter "1776"], was a duly organized and operating limited liability company, with its principal place of business located in Manchester, Oklahoma. At all relevant times herein, 1776 was engaged in the trucking business, owning several semi tractors and other vehicles.

7. At all relevant times herein, the Defendants, Caleb J. Pence and Candra K. Pence, were Organizers and Managing Members of 1776.

8. On April 21, 2021, in connection with an earlier loan to 1776, Defendants gave personal guaranties to the Plaintiff. Pursuant to their guarantees, Defendants acknowledged that their Guaranty included "every Debt, of every type.... that the [1776], ... may now or at any time in the future owe...."

2

9. On October 19, 2022, 1776 entered into a Promissory Note and Security Agreement [hereinafter "Promissory Note"] to refinance certain obligations that 1776 owed to BancCentral National Association [hereinafter "BancCentral"], an Oklahoma Federal insured depository financial institution.

10. Pursuant to the terms of this Promissory Note, 1776 promised to repay Plaintiff the sum of $92,389.16, which was secured by, amongst other property:

a. 2015 Dodge Ram ID# 1C6RR7LM7FS573034

b. 2015 Kenworth 1508 ID# 1XKYDP9X3FJ421508

c. 2014 Kenworth 1883 ID# 1XKADP9X6EJ401883

See Exhibit C, supra, at p. 2, ¶ D(3).

11. On October 20, 2022, Plaintiff mailed to BancCentral two cashier's checks to payoff 1776's vehicle loans at BancCentral.

12. On November 7, 2022, BancCentral filed its lien releases on these vehicles with the Oklahoma Tax Commission, and mailed copies of the releases to Defendants.

13. Shortly thereafter, refusing to provide Plaintiff the titles in which to perfect its security interests, Defendants sold the vehicles which 1776 had pledged as security on the Promissory Note given a month earlier.

14. On May 23, 2023, 1776 ceased making any payments pursuant to the terms of the Promissory Note.

15. Plaintiff's claims against Defendants arise out of, and in connection with, the refinance, sale and conversion of vehicles owned by 1776, which were sold out of trust, and which

3

Defendants thereafter used to fund the operations of a failed restaurant, *i.e.*, Pizza Ranch, that Defendants' operated in Anthony, Kansas.

### COUNT I: 11 U.S.C. § 523(a)(2)
### FALSE PRETENSES, FALSE REPRESENTATION AND ACTUAL FRAUD

16. Plaintiff, Bank of Commerce & Trust Company, incorporates by reference the previous allegations contained in paragraphs 1 through 15, above.

17. Defendants made false representations in writing for the purpose of securing financing and/or obtaining financing of credit from the Bank of Commerce.

18. The representations made by the Defendants were untrue and made with the intent to deceive the Plaintiff.

19. Plaintiff justifiably relied upon these representations.

20. As the result of Plaintiff's reliance, Plaintiff has suffered injury.

WHEREFORE, the Plaintiff, Bank of Commerce & Trust Company, respectfully requests the Court to find that Defendants, by false pretense, false representation and/or actual fraud, secured financing and/or obtained financing from the Bank of Commerce, and that such debt is non-dischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code (11 U.S.C.) and for such other and further relief as this Court deems just and equitable.

### COUNT II: 11 U.S.C. § 523(a)(6)
### Willful and Malicious Intent to Innure 1776 and/or Plaintiff

21. Plaintiff, Bank of Commerce & Trust Company, incorporates by reference the previous allegations contained in paragraphs 1 through 20, above.

4

22. On October 19, 2022, 1776 gave a Promissory Note to Plaintiff to refinance certain obligations owed by 1776 to BancCentral.

23. Pursuant to the terms of this Promissory Note, 1776 promised to repay Plaintiff the sum of $92,389.16, which was secured by vehicles owned by 1776.

24. In early December 2022, unbeknownst to Plaintiff, Defendants sold the vehicles which 1776 had pledged as security for the Promissory Note.

25. Defendants' actions were willful, malicious and intended to injury 1776 and thereby injure the Plaintiff.

26. Plaintiff suffered injury as the result of Defendants' actions.

WHEREFORE, the Plaintiff, Bank of Commerce & Trust Company, respectfully requests the Court to find that Defendants' actions were willful and malicious and that any such debt arising therefrom is non-dischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code (11 U.S.C.) and for such other and further relief as this Court deems just and equitable.

**COUNT III: 11 U.S.C. §§ 105 and 502**
**REQUEST FOR JUDICIAL DETERMINATION OF AMOUNT OWED**

27. Plaintiff, Bank of Commerce & Trust Company, incorporates by reference the previous allegations contained in paragraphs 1 through 26, above.

28. The debt owed by Defendants to the Bank of Commerce arise from Defendants' misrepresentation, fraud, defalcation and intentional wrongs as alleged herein.

29. As detailed herein, the debts owed by Defendants to the Bank of Commerce is non-dischargeable under Sections 523 and 1328 of the Bankruptcy Code (11 U.S.C.).

5

30.     This Court has the jurisdiction to determine the amount of the debt and render a money judgment in an amount certain.

WHEREFORE, the Plaintiff, Bank of Commerce & Trust Company, respectfully requests the Court to determine the amount of the non-dischargeable debt and render an amount certain in favor of the Bank of Commerce pursuant to Sections 105 and 502 of the  Bankruptcy Code (11 U.S.C.) and for such other and further relief as this Court deems just and equitable.

Dated:

Respectfully submitted,

James J. Long
ATTORNEY AT LAW
P. O. Box 47720
Wichita, Kansas 67202
Tel. (316) 265-2689
Fax (316) 262-6193

/s/ James J. Long
James J. Long # 13728
    *Attorney for Plaintiff the*
    *BANK OF COMMERCE& TRUST*
    *COMPANY*

6